**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Robert Thornley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| Excalibur Associates, Inc., ) | **(Violations of FMLA)** |
| ) | |
| Defendant. ) | **[Jury Trial Demanded]** |
| _____ ) | |

Plaintiff Robert Thornley, by and through his undersigned counsel, complains of the Defendant Excalibur Associates, Inc., as follows:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff is a citizen of the State of South Carlina who resides in Darlington County, South Carolina.

2. Upon information and belief, Defendant is a for-profit corporation organized and existing under the laws of the State of Florida with a principal place of business in Ellijay, State of Georgia.

3. Defendant employed Plaintiff who resides in South Carolin and performed a substantial amount of his employ

4. This Court has personal jurisdiction over the Defendant who employed Plaintiff who resides in South Carolina and Plaintiff performed a significant amount of his on behalf of the Defendant from South Carolina.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Family and Medical Leave Act (FMLA) 29 U.S.C. § 2601 *et. seq.* In addition, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 13321(a)(1) because this is a civil action between a citizen of the State of South Carolina and a corporate citizen of the State of Florida and/or the State of Georgia, and the amount-in-controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

1. Defendant provides security services for government agencies and private companies.

2. On or about January 1, 2021, Defendant hired Plaintiff as a National Director of Training with job duties that included, without limitation, developing standardized and contract-specific training curriculum.

3. From March of 2021, through October of 2021, Plaintiff also assumed the job duties as a Project Manager for the Defendant's contract with the Social Security Administration.

4. From October of 2021, though February 9, 2022, Plaintiff also assumed the job duties as Interim Project Manager for the Defendant's contract with the National Institute of Standards and Technology.

5. During the time period of February 9, 2022, through April 1, 2022, Plaintiff was the full-time Project Manager for the Defendant's contract with the National Institute of Standards and Technology as well as the Defendant's instructor for all contracts that required and/or preferred meeting the industry standards established by the Association of Public-Safety Communications Officials American National Standards.

6. On April 1, 2022, Plaintiff sustained serious bodily injuries arising from a motor vehicle collision with a tractor-trailer with a second impact from another motor vehicle.

7. On April 1, 2022, Plaintiff notified his manager, Leo Runnels (Director of Operations and Training), Edward McDonald (Chief Executive Officer), and Carrie McCoy (Vice President of Human Relations) of the accident via text messaging which included pictures of the accident and Plaintiff's anticipated work absence pending physician consultation.

8. On April 2, 2022, Plaintiff presented to the Emergency Department at McLeod Regional Medical Center where he was diagnosed with a severe concussion and instructed to follow up with a Dr. Chadley Runyan at Florence Neurosurgery and Spine.

9. On April 6, 2022, Carrie McCoy (Vice President of Human Relations) approved Plaintiff's FMLA leave.

10. Also on April 6, 2022, Plaintiff consulted Dr. Runyan who took Plaintiff out of work and scheduled a follow up consultation. Plaintiff sent Dr. Runyan's work restrictions to Carrie McCoy (Vice President of Human Relations) that same day which stated, "[Plaintiff] will out of work til next follow up".

11. On April 18, 2022, Plaintiff, as instructed, returned to Dr. Runyan for a consultation who continued Plaintiff's out-of-work restrictions which Plaintiff sent to Carrie McCoy (Vice President of Human Relations) that same day. Plaintiff also discussed with Carrie McCoy using his earned paid leave and FMLA leave.

12. On April 27, 2022, Carrie McCoy (Vice President of Human Relations) sent Plaintiff a text message requesting to speak with Plaintiff about Plaintiff's continued employment with Defendant. Plaintiff called Carrie McCoy and, during this conversation, Plaintiff was given the choice of: (1) resignation with two-weeks severance pay; or (2) termination for nonspecific "performance" reasons.

13. Upon information and belief, on April 27, 2022, Carrie McCoy e-mailed Plaintiff a letter which claimed, among other things, Plaintiff was "failing to meet your Project Manager duties" and "[y]our recent absence has further revealed the significant degree of performance failure as well as the damage and potential damage caused by inaccurate/false/absence of reporting on critical key data requirements." The letter offered two-weeks severance or continued medical insurance in exchange for Plaintiff's resignation "[d]ue to the company's significant investment in you and the substantial costs to rectify the damages resulting from your performance issues[.]"

14. On April 29, 2022, Plaintiff e-mailed Carrie McCoy and declined to resign and requested a "detailed accounting of all alleged 'performance issues' and their alleged 'damages'".

15. On or about May 5, 2022, Plaintiff received a letter from Edward J. McDonald (Chief Executive Officer) terminating Plaintiff and including alleged "performance issues" supporting the termination.

**FOR A FIRST CAUSE OF ACTION: VIOLATIONS OF THE FMLA**
**(FMLA: Interference / Retaliation / Termination: 29 U.S.C. §2601-2654)**

16.     Plaintiff hereby incorporates each and every allegation contained in paragraphs one (1) through fourteen (fourteen) above as if restated here verbatim.

17.     Pursuant to the FMLA, the Defendant is in commerce or industry (or activity affecting commerce) and employs fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year; therefore, the Defendant was a covered employer under the FMLA.

18.     Pursuant to the FMLA, Plaintiff was employed by the Defendant for at least 12 (twelve) months and for at least 1,250 hours during the twelve-month period prior to him receiving FMLA leave and reported to and/or was assigned work from a worksite that did not employ fewer than fifty (50) employees within seventy-five (75) miles; therefore, Plaintiff was a covered employee and Defendant is a covered employer under the FMLA.

19.     The FMLA entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons, including their own serious health conditions that make them unable to perform the essential functions of their position. 29 U.S.C. § 2612(a)(1)(D).

20.     The FMLA defines a serious health condition as an illness, injury, impairment, or physical or mental condition that involves inpatient care in a hospital, hospice, or residential medical care facility or continuing treatment by a health care provider. 29 U.S.C. § 2611(11); 29 C.F.R. § 825.113.

21.     The meaning of serious health condition is broad and intended to cover various types of physical and mental conditions and is intended to cover conditions or illnesses that affect an employee's health to the extent that he or she must be absent from work on a recurring basis or for more than a few days for treatment or recovery.

22.     To ensure employees' access to FMLA leave and benefit rights, the FMLA prohibits employers from restraining, denying, or interfering with an employee's exercise those rights. 29 U.S.C. § 2615(a)(1). Further, an employer cannot retaliate against an employee for taking FMLA leave, asserting rights under the FMLA, or opposing unlawful practices under the FMLA. 29 C.F.R. § 825.220.

23. Plaintiff exercised his rights under the FMLA by requesting FMLA leave or leave that was, or should have been, covered by the FMLA.

24. Plaintiff performed his job with the Defendant in a satisfactory fashion and in a manner that met the Defendant's reasonable expectations.

25. Despite the above, the Defendant violated the FMLA by interfering with Plaintiff, and by retaliating against him by terminating the Plaintiff for exercising his rights under the FMLA.

26. As a result of the Defendant's actions as set forth above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, economic injury, attorney's fees and costs, and prejudgment interest.

27. Defendant's actions, as set forth above, were undertaken in a willful, knowing, reckless, bad faith, intentional and wanton manner and in utter disregard for Plaintiff's federally-protected rights and, therefore, Plaintiff is entitled to recover liquidated damages from the Defendant.

## JURY TRIAL DEMAND

28. Pursuant to Rule 38(b) of the *Federal Rules of Civil Procedure*, the Plaintiff demands a trial by jury on all issues triable by a jury according to law and equity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief in such an amount of actual and special damages as the trier of fact may find (including lost back and future wages, income and benefits, expenses associated with finding other work and economic injuries) liquidated damages, prejudgment interest, costs and disbursements of this action, including reasonable attorney's fees, and for such other and further relief as the Court deems just and proper.

[attorney e-signature on the following page]

|  |  |
|---|---|
|  | KENNEDY LAW OFFICE, LLC |
| April 22, 2024 | /s/ Joseph Jakob Kennedy |
|  | J. Jakob Kennedy |
| Marion, S.C. | D.S.C. # 9525 |
|  | 109 East Dozier Street |
|  | Post Office Box 925 |
|  | Marion, South Carolina 29571 |
|  | Telephone: (843) 423-5555 |
|  | Facsimile: (843) 492-0424 |
|  | jake@kennedysc.com |